# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIRELL FRANCIS BETTIS, | ) | 1:06cv0782 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DISMISSING COMPLAINT |
| v. | ) | WITH LEAVE TO AMEND |
| | ) | |
| JOHN WALSH, AMERICA'S MOST | ) | |
| WANTED, | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Kirell Francis Bettis ("Plaintiff"), proceeding pro se and in forma pauperis, filed this diversity action on May 1, 2006.  The action was transferred to this Court on June 20, 2006. Plaintiff alleges that Defendants John Walsh and America's Most Wanted ("Defendants") defamed him during a March 20, 2004, broadcast.

## DISCUSSION

A.    Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to

1

state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B.      Factual Background and Allegations

_____By way of the instant complaint and Plaintiff's reference to 2:05cv1412 GEB KJM, a case pending in the Sacramento Division of this Court, Plaintiff states that he was arrested and charged with the 1999 robbery, kidnap and murder of Christopher Rawlings.  He is currently serving a sentence of life without parole.

In 2000, an individual named Boris Graham, who was not in custody, was added as a co-defendant in the above murder.  This information ran on America's Most Wanted beginning in April 1999.

In February 2004, Graham was apprehended in Florida.  John Walsh was at the arrest scene.

On March 20, 2004, America's Most Wanted aired Graham's capture and arrest.  During the segment, according to Plaintiff, Walsh "intentionally and maliciously slandered [Plaintiff's] name and defamed [him] without any supporting evidence by saying [Plaintiff] snitched and/or ratted on Boris Graham upon [Plaintiff's] arrest on July 13, 1999."  Complaint, at 2.  As a result, Plaintiff contends that his "existence [was placed] in grave danger"[1] and that he was attacked by another inmate on July 12, 2004.  Complaint, at 2.

Plaintiff further contends that Defendants used his name, Kirell Francis Taylor, in which he alleges a unidentified rights, without permission.[2]

_____

[1]  In Plaintiff's pending civil rights case, 2:05cv1412 GEB KJM, Plaintiff contends that immediately after the segment aired, he informed prison officials that his life was in danger.  Plaintiff further alleges that on July 12, 2004, during recreational yard release, he was attacked by another inmate because of Walsh's false statements. Plaintiff suffered slash-type injuries in the attack.

[2]  As evidence of his alleged rights, Plaintiff attaches a UCC Financing Statement and a "Common Law Copyright Notice" in which he purports to claim all rights to the name "Kirell Francis Taylor."  Exhibit A, attached to Complaint.

1    For relief, Plaintiff requests that Defendants be ordered to pay (1) $20,000,000 in

2  damages for the alleged defamation and slander; and (2) $500,000 as a penalty for using his name

3  on its website.

4  C.    Diversity Jurisdiction

5        Pursuant to Rule 8(a)(1) of the Federal Rules of Civil Procedure, a complaint must set

6  forth a "short and plain statement of the grounds upon which the court's jurisdiction depends."

7  Plaintiff files this action pursuant to the Court's diversity jurisdiction, but while he cites the

8  diversity statute, 28 U.S.C. § 1332, he does not include the citizenship of any of the parties to his

9  complaint.  The Court is therefore unable to determine if it has jurisdiction over the instant

10  action.  Plaintiff will be granted an opportunity to amend his complaint to remedy this deficiency,

11  as described below.

12  D.    Plaintiff's Defamation Claim

13    Defamation is an invasion of the interest in reputation.  Smith v. Maldanado, 72

14  Cal.App.4th 637, 645 (1999).  Under California law, defamation is effected by either libel or

15  slander.  Cal. Civ. Code § 44.  To state a claim for slander, Plaintiff must establish intentional

16  publication of a statement of fact that is false, unprivileged, and has a natural tendency to injure

17  or which causes special damage.  Cal. Civ. Code § 46; Arikat v. JP Morgan Chase & Co., 2006

18  WL 1195335 (N.D.Cal.2006); Mann v. Quality Old Time Service, Inc., 120 Cal.App.4th 90, 106

19  (2004).

20    Here, Plaintiff contends that during the March 20, 2004, broadcast of America's Most

21  Wanted, Defendants "intentionally and maliciously" slandered his name by stating that he

22  "snitched and/or ratted out" his co-defendant.  Complaint, at 2.  Plaintiff alleges that this placed

23  him in danger and resulted in an assault by another inmate in July 2004.

24    While Plaintiff has alleged the intentional publication of a statement, the contents of

25  which may harm Plaintiff, he has failed to allege that the statement was false and unprivileged.

26  Indeed, Plaintiff only states that Defendants made the statement "without any supporting

27  evidence."  Complaint, at 2.  Plaintiff explains that he represented himself when the indictment

28  was amended to add his co-defendant, and that "there is not a shred of discovery that relates to,

3

1   or pertains to and/or refers to [Plaintiff] having [given] ANY statements to detectives or any

2   other person about a BORIS GRAHAM or any other party for that matter."  Complaint, at 2-3.

3       Plaintiff has therefore failed to allege that the statements were false.  That the statements,

4   as Plaintiff alleges, may have been made without supporting evidence does not necessarily mean

5   that the statements were false.  Plaintiff will be granted the opportunity to amend his claim, if an

6   amendment is possible.

7   E.      Plaintiff's Trademark Claim

8   _____ Fed. R. Civ. P. 8(a) provides that a claim must :

9           A pleading which sets forth a claim for relief, whether an original claim, counterclaim,
            cross-claim, or third-party claim, shall contain (1) a short and plain statement of the
10          grounds upon which the court's jurisdiction depends, unless the court already has
            jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short
11          and plain statement of the claim showing that the pleader is entitled to relief, and (3) a
            demand for judgment for the relief the pleader seeks. Relief in the alternative or of
12          several different types may be demanded.

13      A complaint must contain a short and plain statement as required by Fed. R. Civ. P.

14  8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair

15  notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev.

16  Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of

17  particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

18  Although a complaint need not outline all elements of a claim, it must be possible to infer from

19  the allegations that all elements exist and that there is entitlement to relief under some viable

20  legal theory.  Walker v. South Cent. Bell Telephone Co., 904 F.2d 275, 277 (5th Cir. 1990);

21  Lewis v. ACB Business Service, Inc., 135 F.3d 389, 405-06 (6th Cir. 1998).

22      Plaintiff's claim relating to the use of his name is entirely unclear and fails to satisfy the

23  requirement of Rule 8(a)(2).  He refers to himself as a creditor, secured party and debtor,

24  apparently in reference to some kind of rights he believes he has in his name.  Plaintiff states that

25  the complaint serves as "NOTICE that it is a violation for John Walsh and America's Most

26  Wanted to use the Plaintiff's Juristic name, KIRELL FRANCIS TAYLOR, in ANY fashion

27  whatsoever without paying Plaintiff $500,000.00 for the use of his COMMERCIAL

28  NAME/TRADEMARK in violation of Plaintiff's COMMON-LAW COPYRIGHT NOTICE

1  PDID NO. 61-017." Complaint, at 2. In support of this claim, he refers the Court to Exhibit A,

2  which consists of a "Common-law Copyright Notice" in which Plaintiff purports to grant himself

3  all rights to the name "Kirell Francis Taylor," and impose a significant penalty by way of a

4  "secured interest" on any use of the name without permission, and a UCC Financing Statement.

5  While Plaintiff refers generally to a United States Code section involving trademarks (15

6  U.S.C. § 1127), he entirely fails to set forth a short and plain statement of his claim. Plaintiff's

7  statements and the attached documentation are almost nonsensical and do not allow for

8  meaningful evaluation. Insofar as Plaintiff attempts to state a copyright claim, he cannot do so

9  because copyright law only pertains to "original works of authorship," which generally does not

10  include one's name. 17 U.S.C. § 102(a). To the extent Plaintiff is attempting to state a

11  trademark claim such as infringement or dilution, the nature of his claim is unclear. Plaintiff will

12  be allowed to amend his claim, if possible.

13  F.   Amendment

14  For the above reasons, the Court must dismiss Plaintiff's complaint. The court will,

15  however, grant Plaintiff the opportunity to amend the complaint to attempt to correct the

16  deficiencies. Plaintiff is advised that the court cannot refer to a prior pleading in order to make

17  his amended complaint complete. Local Rule 15-220 requires that an amended complaint be

18  complete in itself without reference to any prior pleading. This is because, as a general rule, an

19  amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th

20  Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any

21  function in the case. Therefore, in an amended complaint, as in an original complaint, each claim

22  and the involvement of each defendant must be sufficiently alleged.

23  Plaintiff is further advised that failure to file an amended complaint consistent with this

24  ///

25  ///

26  ///

27  ///

28  ///

1    order may result in dismissal of the action.

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.      Plaintiff's Complaint is DISMISSED; and

4           2.      Plaintiff is GRANTED LEAVE TO AMEND.  Plaintiff must file an amended

5                   complaint within thirty (30) days of the date of service of this order.

6           IT IS SO ORDERED.

7       **Dated:    August 30, 2006**              **/s/ Dennis L. Beck**
        3b142a                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28