# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KIRELL FRANCIS BETTIS, | ) | 1:06cv0782 LJO DLB |
| | ) | |
| Plaintiff, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING DISMISSAL OF ACTION |
| v. | ) | |
| JOHN WALSH, AMERICA'S MOST WANTED, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Kirell Francis Bettis ("Plaintiff"), proceeding pro se and in forma pauperis, filed this diversity action on May 1, 2006. Pursuant to the Court's order, he filed a first amended complaint on September 14, 2006, alleging that Defendants John Walsh and America's Most Wanted ("Defendants") defamed him during a March 20, 2004, broadcast and that he was injured as a result.

The United States Marshals Service made numerous attempts at service. The most recent attempt, filed with the Court on February 21, 2008, indicated that service failed. As to attempted service for America's Most Wanted, the USM-285 indicated that "America's Most Wanted not a corporate entity and legal is not authorized to accept service." Similarly, the USM-285 for John Walsh indicated, "Legal not authorized to accept for John Walsh."

As a result of the difficulty with service, the Court issued an order on February 26, 2008, requiring Plaintiff to serve the first amended complaint within 120 days. The Court explained

1

1 that the Marshal had exhausted its efforts to serve Defendants and had been unable to do so given
2 the way in which Plaintiff named the Defendants in the amended complaint.  The Court also
3 indicated that Plaintiff could amend the complaint to name the proper defendant, i.e., the
4 corporate parent of America's Most Wanted.
5      On March 17, 2008, Plaintiff filed his second amended complaint.  He names Twentieth
6 Century Fox as the Defendant and alleges causes of action for libel and slander arising from a
7 March 20, 2004, broadcast.

## DISCUSSION

A. <u>Screening Standard</u>

     The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment.  Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

B. <u>Analysis</u>

     Plaintiff filed this action pursuant to this Court's diversity jurisdiction.  28 U.S.C. Section 1332 provides for federal jurisdiction based on diversity of citizenship:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>     (1) citizens of different States;
>     (2) citizens of a State and citizens or subjects of a foreign state;
>     (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
>     (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

Diversity jurisdiction therefore requires that all parties to the action be "citizens" of different states.  Now that Plaintiff has amended his complaint in an attempt to name the correct defendant, diversity no longer exists.  In his first amended complaint, Plaintiff alleged that the defendants were citizens of the District of Columbia.  As Plaintiff was a citizen of California, diversity jurisdiction arguably existed on the face of his complaint.  However, in his second amended complaint, Plaintiff alleges, correctly, that Defendant Twentieth Century Fox is a citizen of California for diversity purposes.  Both Plaintiff and Defendant are therefore citizens of California and diversity jurisdiction does not exist.

There is no other basis for this Court's jurisdiction. Plaintiff's claims for libel and slander are state law claims and should be filed in state court.  The Court therefore recommends that this action be DISMISSED WITHOUT LEAVE TO AMEND as it appears that Plaintiff cannot cure the jurisdictional issue.

## RECOMMENDATION

Accordingly, for the reasons discussed above, the Court HEREBY RECOMMENDS that this action be dismissed WITHOUT LEAVE TO AMEND.

These findings and recommendations are submitted to the Honorable Lawrence J. O'Neill, United State District Court judge, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30) days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**   **March 25, 2008**             /s/ **Dennis L. Beck**
                                    UNITED STATES MAGISTRATE JUDGE